Jeff Carruth (SBN 24001846)
jcarruth@condontobin.com
H. Joseph Acosta (SBN 24006731)
jacosta@condontobin.com
Aimee E. Marcotte (SBN 24097101)
amarcotte@condontobin.com
**CONDON TOBIN**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800
Facsimile: (214) 691-6311

**PROPOSED ATTORNEYS FOR**
**KCAP VILLA GARDENS LLC**
**DEBTOR AND DEBTOR IN POSSESSION**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| KCAP VILLA GARDENS LLC | § | |
| d/b/a Villa Gardens Apartments | § | CASE NO. 25-44520-11 |
| (EIN: 92-0635842) | § | |
| | § | **EXPEDITED HEARING REQUESTED:** |
| | § | **November 25, 2025, 11:00 a.m.** |
| DEBTOR. | § | |

## MOTION TO USE CASH COLLATERAL

**TO THE HONORABLE MARK X. MULLIN,**
**U.S. BANKRUPTCY JUDGE:**

KCAP Villa Gardens LLC, the debtor and debtor in possession ("KVG" or the "Debtor"),

file this *Motion to Use Cash Collateral* (the "Motion to Use Cash Collateral" or the "Motion") and

in support thereof would show to the Court the following.

### INTRODUCTION

1.     The Debtor owns and operates an apartment complex, and requires the immediate

use of cash collateral to maintain the operations and value of the property.

2.      This motion seeks emergency, interim authorization to use cash collateral from November 19, 2025 through at least December 19, 2025 and final authorization to use cash collateral through and until at least February 15, 2026, without prejudice to subsequent extensions.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this action pursuant to Rule 4001 of the Federal Rules of Bankruptcy Procedure and, without limitation. §§ 105, 361 and 363 and 1101 et seq. of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Code").

4.      Venue action is proper in this Court pursuant to 28 U.S.C. § 1409.

5.      The Court may try this action to a conclusion and enter final orders under *Stern v. Marshall*, 131 S. Ct. 2594 (U.S. 2011).

## FACTUAL BACKGROUND

**The identity and background of the Debtor and Debtor in Possession.**

6.      The Debtor is the owner and operator of an apartment complex located at 2730 Fyke Rd, Dallas, Texas 75234 (the "Property") doing business as the Villa Gardens Apartments.

7.      The Property consists of 142 units.  As of the Petition Date (as defined below), at least 114 units were occupied, resulting in an 80.20% occupancy.

8.      On or about March 7, 2021, Colliers Mortgage LLC, a Delaware limited liability company ("Original Lender") made a $14,000,000.00 loan to 2730 Villa Gardens LLC, a Texas limited liability company ("Original Borrower").

9.      The Debtor assumed the loan from the Original Borrower and acquired in the Property in 2021, and Federal National Mortgage Association ("Fannie Mae") acquired the loan and related interests from the Original Lender also in 2021.

10.     As of the Petion Date (as defined below), Fannie Mae remained as the alleged primary secured lender of the Debtor, asserting a first consensual lien against the Property and substantially all of the assets of the Debtor.

**The Commencement of the bankruptcy case.**

11.     On November 19, 2025 (the "Petition Date"), the Debtor commenced the above-captioned Chapter 11 case by filing a voluntary petition in response to the threats of a receivership and foreclosure made by Fannie Mae.

12.     The dispute resulting in the instant bankruptcy case has existed for more than an year and resulted in two lawsuits.

13.     In 2024, Fannie Mae ordered a property condition assessment of the Property.  The parties disputed what repairs the Debtor was required to make to the Property and what sums the Debtor was required to deposit with Fannie Mae as repair reserves.

14.     On August 5, 2024, the Debtor filed a state court petition and application for temporary restraining order after Fannie Mae posted the Property for foreclosure.

15.     As of that time, despite there being no payment default, Fannie Mae sought to foreclose Property due solely to repairs worth under $200,000 that already were underway, a reserve shortfall of only $30,279.71, and a fabricated $35,000 reinstatement fee that never was contemplated or agreed to by the parties.

16.     In September 2024, Fannie Mae and Debtor executed a reinstatement agreement which reinstated all of the original loan terms (the "Reinstatement Agreement").

17.     The Reinstatement Agreement did not stop Fannie Mae from continuing to assert that Debtor was required to make additional, unnecessary repairs to the Property and place unnecessary sums into repair reserves.

18.     In September 2025, Fannie Mae again claimed that the Debtor was in default under the terms of the loan.  The core, alleged defaults again constitute only non-monetary defaults, again focused on excessive and/or unnecessary repairs to and/or repair reserves for the Property, with the limited exception of a few late payments and for payments that were not made to Fannie Mae after Fannie Mae alleged the covenant defaults disputed by the Debtor.

19.     In November, 2025, Fannie Mae accelerated the loan, posted the Property for foreclosure, and filed a petition and application for appointment of receiver, temporary restraining order and temporary injunction.  Fannie Mae continues to allege delinquent property repairs and the necessity for excessive reserves, all of which the Debtor disputes.

20.     Consequently, this bankruptcy was filed due to the ongoing dispute with Fannie Mae, the threats of foreclosure and a receivership, and to protect the equity that the Debtor believes to exist in the Property.

**Factual background in support of the relief requested.**

21.     The Debtor requires immediate access to its cash collateral in order to operate and maintain the Property and to avoid immediate and irreparable harm to the estate.

22.     A proposed 13-week interim budget for the period of November 17, 2025 through and until February 15, 2026 is attached hereto (the "Budget").  *See* **Exhibit KVG001**[1]

23.     Notably, the Budget includes the November, 2025 payment to Fannie Mae for principal and interest under the loan.

---

[1] In light of a call with the lender scheduled for the morning of November 21, 2025, the Budget will be filed and served as a supplement to this Motion.

24.     The Debtor seeks authority to use cash collateral consistent with the Budget and the accompanying proposed interim order pending a final hearing and the entry of a final order authorizing the use of cash collateral.

**Liens asserted against and equity in the Property.**

25.     Beyond statutory liens for taxes, Fannie Mae asserts the first priority lien in the Property.

26.     According to a pleading filed by Fannie Mae in state court, as of November 13, 2025, Fannie Mae believed the balance of the loan to be $13,439,788.71.

27.     The Debtor believes the value of the property to be at least $18,165,582.00, thus providing a substantial equity cushion to Fannie Mae and any other potential interest holder.

28.     Several affidavits asserting mechanic's liens have been recorded against the Property over the years, as set forth in the preliminary lien summary, **Exhibit KVG002**.

29.     Due to the date of recording and passage of time of several of the liens, only certain of the the mechanic's lien claims constitute potential active liens against the Property.  In any event, none of the mechanic's liens impact the use of cash collateral nor require adequate protection.

30.     Otherwise, Fannie Mae appears to be the only lender which possesses a recorded UCC-1 financing statement with respect to the Debtor.

31.     For the avoidance of doubt, the Debtor reserves all facts, claims, issues, rights, remedies, and defenses with respect to Fannie Mae and the mechanic's lien claims.

## RELIEF REQUESTED

32.     Pursuant to Code §§ 105, 361, and 363 the Debtor respectfully requests an expedited hearing on this Motion and entry of interim and final orders granting authorization on an interim basis to use cash collateral from November 19, 2025 through and until at least December

19, 2025 and final authorization to use cash collateral through and until February 15, 2025, without prejudice to subsequent extensions.

33.     A proposed form of interim cash collateral order is attached hereto and incorporated by reference herein.

34.     ***Notice is hereby provided that the form of the propose order and/or the contents of the proposed budget may be amended prior to or at the the interim and/or final hearing.***

### BASIS OF RELIEF

35.     The Debtor requires the immediate and continued use of cash collateral in order to operate and maintain the Property, and to preserve the value of the estate.

36.     Fannie Mae appears to be the relevant prepetition lienholder with respect to cash collateral and adequate protection.

37.     Fannie Mae is adequately protected by a substantial equity cushion the Property.

38.     Otherwise, in the extremely unlikely event that an equity cushion is determined to not exist, Fannie Mae shall be adequately protected in the use of cash collateral by KVG by the granting of replacement liens against the property of the estate coextensive with the prepetition lanes of Fannie Mae and with the super priority under Code § 361(2) as set forth in the proposed Interim Order.

**The Debtor Should Be Authorized to Use the Cash Collateral.**

39.     The Debtor's use of property of its estate, the Cash Collateral, is governed by Code § 363, which provides in relevant part that:

> If the business of the debtor is authorized to be operated under section . . . 1108 . . . of this title and unless the court orders otherwise, the [debtor] may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

11 U.S.C. § 363(c)(1).

40.     As described above, access to Cash Collateral on an interim basis is essential to the smooth entry into this Chapter 11 case and the continued operation of the Debtor's business.  The Debtor believes use of cash collateral is in the best interests of the Debtor's estate and all of its stakeholders, including the prepetition secured lender and that the Interim Order should be approved.

**The Debtor's Proposed Adequate Protection Is Sufficient and Appropriate.**

41.     Code § 363(e) provides for adequate protection of interests in property when a debtor uses cash collateral.  Further, Code § 362(d)(1) provides for adequate protection of interests in property due to the imposition of the automatic stay. *See* 11 U.S.C. § 362(d)(1); *see also In re Cont'l Airlines*, 91 F.3d 553, 556 (3d Cir. 1996).

42.     Although Code § 361 provides examples of forms of adequate protection, such as granting replacement liens and administrative priority claims, courts determine what constitutes sufficient adequate protection on a case-by-case basis.  *In re Braniff Airways, Inc.*, 783 F.2d 1283, 1286 (5th Cir. 1986) (stating that a determination of adequate protection is decided on a case-by-case basis, involving a consideration of the "[n]ature of the creditor's interest in the property, the potential harm to the creditor as a result of the property's decline in value and the method of protection"). Courts generally have found that using cash collateral to preserve the value of the secured creditors' collateral is a form of adequate protection in itself. *See, e.g.*, *In re Salem Plaza Assocs.*, 135 B.R. 753, 758 (Bankr. S.D.N.Y. 1992) (holding the debtor's use of cash collateral from a shopping center to pay operating expenses, thereby "[preserving] the base that generates the income stream," provided adequate protection to the secured creditor).

43.     As a threshold matter, the Debtor believes Fannie Mae to be adequately protected by the substantial equity cushion that exist in the Property.

---

44.     Otherwise, the interim order provides Fannie Mae with adequate protection that is sufficient to protect Fannie Mae from diminution in value of the cash collateral as required by s Code §§ 363(c)(2) and 363(e) and is fair and appropriate under the circumstances of this Chapter 11 case to ensure the Debtor is able to continue using the cash collateral.  The proposed adequate protection includes replacement liens and superpriority claims under Code § 507(b), among other things, all of which the Debtor submits is standard and customary for a case of this size and nature.  11 U.S.C. § 361; *see also Grundy Nat'l Bank v. Tandem Mining Corp.*, 754 F.2d 1436, 1441 (4th Cir. 1985).

**The Automatic Stay Should Be Modified on a Limited Basis.**

45.     The Interim Order provides that the automatic stay provisions of Code § 362 may be modified and vacated to the extent necessary to implement the terms and conditions of the Interim Order and the transactions contemplated thereby and authorize Fannie Mae to retain and apply any applicable payments under the Interim Order; *provided* that unless otherwise ordered by the Court, the Debtor shall be entitled to continue to use Cash Collateral in accordance with the terms of the Interim Order.  The Debtor has determined, in an exercise of their business judgment, that such stay modification is appropriate under the circumstances, in the context of a negotiated, consensual cash collateral order. Further, stay modifications of this kind are ordinary, and are reasonable and fair under the circumstances of this Chapter 11 case.

**The Debtor Requires Immediate Access to Cash Collateral**

46.     Bankruptcy Rule 4001(b) provides that a final hearing on a motion to use cash collateral pursuant to Code § 363 may not be commenced earlier than 14 days after the service of such motion.  Upon request, however, the court is authorized to conduct an interim expedited hearing on the motion at which it may authorize a debtor to use cash collateral to the extent necessary to avoid immediate and irreparable harm to a debtor's estate pending a final hearing.

*See* Fed. R. Bankr. P. 4001(b)(2).  Code § 363(c)(3) authorizes the court to conduct a preliminary hearing and to authorize the use of cash collateral "if there is a reasonable likelihood that the [debtor] will prevail at the final hearing under [section 363(e)]."  11 U.S.C. § 363(c)(3).

47.     The Debtor requires immediate access to cash collateral pending a final hearing to ensure the continued operation of the Debtor's business activities during the interim period. Absent the use of cash collateral, the Debtor will not have sufficient working capital to continue operating, fund the administrative costs of this Chapter 11 case, or implement the critical relief requested by the Debtor's other "first day" motions.  This relief will enable to the Debtor to preserve and maximize value and, therefore, avoid immediate and irreparable harm and prejudice to its estate and all parties in interest, pending the final hearing. In addition, the initial budget establishes that the Debtor's use of cash collateral will not prejudice the secured lender.

48.     In light of the foregoing, the Debtor submits that it has satisfied the requirements under Bankruptcy Rule 4001(b) to support immediate access to cash collateral pending entry of a final order and requests that the Court grant the relief requested herein and  authorize the immediate use of cash collateral pursuant to the terms and conditions set forth in the Interim Order.

## REQUEST FOR FINAL HEARING

49.     Pursuant to Bankruptcy Rules 4001(b)(2) and 4001(c)(2), the Debtor requests that the Court set a date for the final hearing that is as soon as practicable and fix the time and date prior to the final hearing for parties to file objections to this Motion.

## EMERGENCY CONSIDERATION

50.     Bankruptcy Rule 6003 empowers a court to grant relief within the first twenty-one days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." Failure to receive the relief requested in this Motion immediately would severely disrupt the Debtor's operations at this critical juncture. The Debtor has satisfied the "immediate and

irreparable" harm standard in Bankruptcy Rule 6003 and request that the Court approve the relief

requested on an emergency basis.

## WAIVER OF BANKRUPTCY RULE 6004(A) AND 6004(H)

51.     To implement the foregoing successfully, the Debtor requests that the Court enter

an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and

that the Debtor has established cause to exclude such relief from the 14-day stay period under

Bankruptcy Rule 6004(h).

## RESERVATION OF RIGHTS

52.     The Debtor reserves the right to amend and/or supplement this Motion prior to any

hearing, including particularly with respect to the proposed interim budget, and/or the proposed

interim order.

## NOTICE

53.     The Debtor through the undersigned counsel has provided notice of this Motion

and the related request for an expedited hearing to the parties entitled to notice under L.B.R. 9007-

1(b) and by electronic means where available.

54.     As indicated below, a Certificate of Service separate from this Motion to Use Cash

Collateral will be filed.

## CONCLUSION AND PRAYER

WHEREFORE, KCAP Villa Gardens LLC, Debtor and Debtor in Possession, respectfully

requests that an expedited hearing be held on this Motion and that the Court immediately grant the

Debtor's interim use of cash collateral as set forth above, and set a final hearing to consider the

entry of a final cash collateral order for the period of November 19, 2025 – December 19, 2025

without prejudice to subsequent extensions.  The Debtor further requests such other and further

relief to which the Debtor is entitled at law or in equity.

---

**MOTION TO USE CASH COLLATERAL — Page 10**

Dated:  November 21, 2025          Respectfully submitted:

CONDON TOBIN SLADEK
SPARKS NERENBERG, PLLC

By:____*/s/ Jeff Carruth*_____
    JEFF CARRUTH (TX SBN 24001846)
    H. JOSEPH ACOSTA (TX SBN 24006731)
    AIMEE E. MARCOTTE (TX SBN 24097101)
    8080 Park Lane, Suite 700
    Dallas, Texas 75231
    Tel: (214) 265-3800
    Fax: (214) 691-6311
    jacosta@condontobin.com
    jcarruth@condontobin.com
    amarcotte@condontobin.com

**PROPOSED ATTORNEYS FOR
KCAP VILLA GARDENS LLC
DEBTOR AND DEBTOR IN POSSESSION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on November 21, 2025 (1) by electronic notice to all ECF users who have appeared in this case to date, and/or as set forth below and (2) by regular mail to all parties appearing in the attached address list (i.e. mailing matrix) obtained from the Court's PACER facility.

_____*/s/Jeff Carruth*_____
Jeff Carruth

**25-44520-mxm11 Notice will be electronically mailed to:**

John D. Beck on behalf of Creditor Federal National Mortgage Association
john.beck@hoganlovells.com

Jeffery D. Carruth on behalf of Debtor KCAP Villa Gardens LLC
jcarruth@condontobin.com,
jsteele@condontobin.com;jcarruth@aol.com;atty_carruth@trustesolutions.com;carruthjr87698@notify.bestcase.com;ATTY_CARRUTH@bluestylus.com;jcarruth@ecf.courtdrive.com

Linda D. Reece on behalf of Creditor Carrollton-Farmers Branch ISD
lreece@pbfcm.com, lreece@ecf.courtdrive.com

Clay Marshall Taylor on behalf of Creditor Federal National Mortgage Association
clay.taylor@dentons.com, DOCKET.GENERAL.LIT.DAL@dentons.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

## REGULAR MAIL LIST / MATRIX

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0539-4<br>Case 25-44520-mxm11<br>Northern District of Texas<br>Ft. Worth<br>Fri Nov 21 06:08:42 CST 2025 | Carrollton-Farmers Branch ISD<br>c/o Perdue Brandon Fielder et al<br>1919 S. Shiloh Road, Suite 640, LB40<br>Garland, TX 75042-8234 | KCAP Villa Gardens LLC<br>1211 S White Chapel Blvd<br>Southlake, TX 76092-9303 |
| 501 W. Tenth Street<br>Fort Worth, TX 76102-3637 | ABC Home and Commercial<br>997 Grandys Lane<br>Lewisville, TX 75077-2507 | Atmos Energy<br>PO Box 740353<br>Cincinnati, OH 45274-0353 |
| Audio Images<br>PO Box 550819<br>Jacksonville, FL 32255-0819 | Carrollton-Farmers Branch ISD<br>c/o Perdue Brandon Fielder et al<br>1919 S. Shiloh Road, Suite 640, LB 40<br>Garland, TX 75042-8234 | City of Farmer Branch<br>PO Box 819010<br>Farmers Branch, TX 75381-9010 |
| DFW Great Home Services<br>6050 N central Expwy<br>Dallas , TX 75206-5304 | Dallas County Appraisal Dist.<br>2949 N Stemmons Hwy<br>Dallas , TX 75247-6102 | Dallas County Tax Assessor<br>500 Elm Street # 3300<br>Dallas, TX 75202-3330 |
| Fannie Mae<br>Attn. Clay Taylor Esq.<br>100 Crescent Ct #900<br>Dallas, TX 75201-2347 | Fannie Mae<br>PO Box 860835<br>Minneapolis, , MN 55486-0835 | Freddy Ramos<br>5451 Charlott St<br>Fort Worth, TX 76112-2922 |
| Frontier<br>PO Box 647019<br>DAllas, TX 75264-7019 | Gold Landscape<br>PO Box 75229<br>Dallas, TX 75229 | Greenforest Pest<br>2505 N Beltline<br>Sunnyvale, TX 75182-9308 |
| H20 Plumbing<br>1500 Capital Ave<br>Plano, TX 75074-8150 | Internal Revenue Service<br>Attn. Insolvency<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | JB Remodeling<br>PO Box 871172<br>Mesquite, TX 75187-1172 |
| Keycity Staffing (Affiliate)<br>1212 South White Chapel Blvd<br>Southlake , TX 76092 | Kings III of America<br>751 Canyon Dr st 100<br>Coppell, TX 75019-3857 | Maven AI<br>PO Box 8183<br>Carol Stream, IL 60197-8183 |
| Onsight industries<br>900 Central Park<br>Sanford, FL 32771-6634 | PEAC Solutions<br>PO Box 13604<br>Philadelphia, PA 19101-3604 | Paramount Property Services (Affiliate)<br>8376 Davis Blvd<br>N Richland Hills 76182-8923 |
| Spectrum<br>Po Box 60074<br>Industry, CA 91716-0074 | Stowes Independent Services<br>1951 E Continental Blvd<br>Grapevine, TX 76092-9766 | Summer Energy<br>PO Box 733545<br>Dallas, TX 75373-3545 |

TR Vera Resurfacing
1828 e park row Dr un 3273
Arlington, TX 76007-5501

Texas Comptroller Public Accounts
Bankr. Section
PO Box 13528 Capitol Station
Austin, TX 78711-3528

The Home Depot
3444 N Country Club Rd Ste 200
Tucson, AZ 85716-0815

The Lassiter Organization (affiliate)
1211 South White Chapel Blvd
Southlake , TX 76092-9303

United States Trustee
1100 Commerce Street
Room 976
Dallas, TX 75242-0996

Westlake Commercial
14000 Marshall DR
Kansas City , MO 66215-1221

Jeffery D. Carruth
Condon Tobin Sladek Sparks Nerenberg, PL
8080 Park Lane, Suite 700
Dallas, TX 75231-5920

            The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Federal National Mortgage Association

End of Label Matrix
Mailable recipients    36
Bypassed recipients     1
Total                  37

---

**<u>PROPOSED INTERIM ORDER</u>**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| KCAP VILLA GARDENS LLC | § | |
| d/b/a Villa Gardens Apartments | § | CASE NO. 25-44520-11 |
| (EIN: 92-0635842) | § | |
| | § | |
| DEBTOR. | § | |

## INTERIM ORDER GRANTING MOTION TO USE CASH COLLATERAL (RE: DOCKET NO. ____)

On this day came on for consideration the *Motion to Use Cash Collateral* (Docket No. ___) (the "Motion to Use Cash Collateral" or the "Motion") filed herein on November 21, 2025 by KCAP Villa Gardens, LLC, debtor and debtor in possession ("KVG" or the "Debtor").

The Court finds that KVG provided due and appropriate notice of the Motion, the relief requested therein, and the expedited hearing (the "Notice") has been served by the Debtor on (i) the Office of the United States Trustee for the Northern District of Texas, (ii) the parties listed in the matrix filed in this case, (iii) any persons possessing a security interest in the assets of the Debtor and any person possessing a security interest in the cash collateral of the Debtor; (iv) certain other parties identified in the certificate of service filed with the Court (collectively, the "Noticed Parties").

Upon the record established at the hearing, the Court is of the opinion that the following Order should be entered.

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACTS AND CONCLUSIONS OF LAW:

A.      On November 19, 2025 (the "Petition Date"), the Debtor filed its voluntary petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Code"). The Debtor continues to manage its assets as a debtor in possession pursuant to Code §§ 1107 and 1108.  No trustee or examiner has been appointed in this Chapter 11 Case.  No official committees have been appointed by the United States Trustee.  This is a single asset realty case.

B.      The Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334.  The Motion is a core proceeding as defined in 28 U.S.C. § 157(b).  Venue of the Chapter 11 Case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.      Under the circumstances, the Notice given by the Debtor of the Motion and the interim hearing constitutes due and sufficient notice thereof and complies with Bankruptcy Rule 4001(c).

D.      Debtor's primary creditor with respect to cash collateral is **Fannie Mae** (the "Lender").

E.      The Lender likely asserts an interest in, inter alia, substantially all of the assets of the Debtor.

F.      Sufficient cause exists for immediate entry of this order pursuant to Bankruptcy Rules 4001(c)(2).  The Debtor requires immediate access to and use of the Cash Collateral in order to continue normal business operations and to maintain and operate the golf course situated on the Property.

G.      No party appearing in this Chapter 11 Case has filed or made an objection to the relief sought in the Motion and the entry of this order on an interim basis, or any objections that were made are hereby overruled, or have been resolved by agreement.

Based upon the foregoing, and after due consideration and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that:

1.      The Motion is granted on an interim basis pursuant to Bankruptcy Rule 4001(c)(2).

2.      The cash and revenue generated by the Debtor post-petition are available for use by the Debtor as provided in this Order.

3.      Pending a final hearing as set forth below, the Debtor is authorized to use Cash Collateral under the terms of the budget, attached hereto as **Exhibit KVG001** (the "Budget").

4.      The expenses of the Debtor shall not exceed 25% per line item category, absent the written consent of the Lender, which consent shall not be unreasonably withheld.

5.      This interim authorization will expire on the earlier of (i) the conclusion of a final hearing on the Motion, (ii) further order of this Court, or (iii) on _____.

6.      This order does not authorize the Debtor to pay any prepetition obligations without further order of this Court.

7.      During the period governed by this interim order, the Debtor must maintain an accounting of all funds and the Debtor shall segregate, remit, and deposit all of the Cash Collateral consistent with the Debtor's past and ordinary practices.

8.      Nothing contained in this Order limits the expenditure of any cash in the possession of the Debtor that is not Cash Collateral.

9.      As adequate protection for any diminution in the value of the Lender's interest in the Lender's collateral caused by the Debtor's use of Cash Collateral, the Lender is hereby granted valid, perfected, and enforceable replacement security interests in and liens upon the collateral referenced and described in the prepetition UCC-1 financing statement filed by the Lender with the Texas Secretary of State, only to the same extent and according to the same priority as the Lender's pre-petition lien position, and only to the extent of ($x$) the use of any Cash Collateral in which the Lender has an interest in excess of the Budget and ($y$) any actual diminution in the value of the Debtor's interest(s) in the Debtor's property resulting from the use of Cash Collateral (the "Postpetition Collateral").  The security interests and liens granted to the Lender shall at all times be senior to the rights of the Debtor and any successor trustees in these or any subsequent proceedings under the Code to the extent that the Lender's prepetition security interests and liens are senior to the rights of the Debtor.  The security interests and liens herein granted (i) are and shall be in addition to all security interests, liens, mortgages, and rights to set off existing in favor of the Lender, on the Petition Date; (ii) in the same priority as the prepetition liens in favor of the Lender to the extent that prepetition liens and security interests are valid, perfected, enforceable, and non-avoidable; (iii) are and shall be valid, perfected, enforceable, and effective as of the Petition Date without any further action by the Debtor or the Lender and without the execution, filing, or recordation of any financing statements, security agreements, or other documents, and (iv) shall secure payment of principal as well as any interest, costs, or other charges to which the Lender may be entitled postpetition, but only to the extent that these items represent a diminution in value of the Lender's interest in its collateral.

10.      To the extent of any inadequacy of the Postpetition Collateral with respect to the maintenance of position of the Lender, then, as further adequate protection, the Lender shall also be entitled to assert an administrative expense claim under Code §§ 361(3) and 503(b)(1).

11.      This interim order shall be sufficient and conclusive evidence of the priority, perfection, and validity of the liens granted herein, effective as of the date and time of entry of this order, without any further act and without regard to any other federal, state, or local requirements or law requiring notice, filing, registration, recording, or possession of the collateral or other act to validate or perfect such security interest or lien.  If the Lender hereafter requests that the Debtor execute and deliver to the Lender financing statements, instruments, or documents considered by the Lender to be necessary or desirable to further evidence the perfection of the replacement liens and security interests granted in this order, the Debtor is authorized and directed to execute and

deliver those financing statements, instruments, or documents.  Nothing in this Order shall in any way restrict the scope of the Lender's prepetition liens, security interests, rights of set-off, or claims with respect to its collateral, and all liens, security interests, and mortgages on the Lender's collateral shall extend to the fullest extent permitted by Code § 552(b).  Notwithstanding any other provision under Code Chapter 5 or of this Order to the contrary, the replacement liens granted to the Lender herein exclude and shall not encumber any Code Chapter 5 avoidance claims of the Debtor and/or of the estate.

12.     The liens on the Lender's Postpetition Collateral are subordinated to fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6).

13.     The terms of this Order shall in no way prejudice any (i) subsequent trustee, (ii) statutory committee or (iii) any party in interest that would otherwise have standing, to contest the pre-petition interests of the Lender in the Debtor's property and the amounts of the Debtor's indebtedness to the Lender.

14.     The final hearing on the Motion pursuant to Bankruptcy Rule 4001(c)(2) is scheduled for _____, 2025, at 5:00 p.m., prevailing Central time (the "Hearing Date") before this Court.  The Debtor shall promptly mail copies of this order to the Noticed Parties.  Any party in interest objecting to the relief sought at the final hearing shall serve and file written objections, which objections shall be served upon (a) counsel for Debtor – Jeff Carruth, Condon Tobin Sladek Sparks Nerenberg, PLLC, and (b) counsel to the Lenders as shown below,

| Lender's Counsel |
| --- |
| Clay Taylor<br>DENTONS US LLP<br>100 Crescent Court Suite 900<br>Dallas, TX 75201-1858<br>Email: clay.taylor@dentons.com |

and (c) the Office of the U.S. Trustee for the Northern District of Texas, and shall be filed with the Clerk of the United States Bankruptcy Court for the Norther District of Texas, in each case to allow actual receipt of the foregoing no later than _____, 2025, at 5:00 p.m., prevailing Central time on the business day immediately prior to the Hearing Date.

**####END OF ORDER####**

Submitted by:

Jeff Carruth (SBN 24001846)
jcarruth@condontobin.com
H. Joseph Acosta (SBN 24006731)
jacosta@condontobin.com
Aimee E. Marcotte (SBN 24097101)
amarcotte@condontobin.com
**CONDON TOBIN**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800
Facsimile: (214) 691-6311

**PROPOSED ATTORNEYS FOR**
**KCAP VILLA GARDENS LLC**
**DEBTOR AND DEBTOR IN POSSESSION**

**<span style="color:red">EXHIBIT KVG001</span>**

**TO BE SUPPLIED**

In light of a call with the lender scheduled for the morning of November 21, 2025, the Budget will be filed and served as a supplement to this Motion.

| EXHIBIT KVG002 - MM Lien Summary | | | | |
|---|---|---|---|---|
| **Claimaint** | **Date-Recorded** | **Date-Last Work** | **File##** | **Amount** |
| Milda Patricia Ramirez d/b/a J.B. Remodeli | 4/14/2025 | June, July, and August 2024 | 2025-202500075371 | $7,631.36 |
| Great DFW Home Services, LLC | 12/9/2024 | 1/9/2024 | 2024-202400247480 | $7,900.00 |
| H2O Plumbing and Hot Water Systems | 9/23/2024 | none listed | 2024-202400191868 | $8,023.79 |
| Birdsong Electric, Inc. | 1/19/2024 | June 2023 and July 2023 | 2024-202400012018 | $794.02 |
| Impact Floors of Texas, LLC | 1/16/2024 | 5/30/2023-9/01/2023 | 2024-202400009406 | $6,439.70 |
| HD Supply Facilities Maintenance, LTD. | 12/5/2023 | 7/19/2023 | 2023-202300244746 | $10,691.31 |